## Doychak v. Doychak

*Gerald I. Roth,* for plaintiff.

WIEAND, *J.,* May 3, 1978—Although the master has recommended the entry of a decree in this action of divorce, an examination of the record reveals that jurisdiction of defendant's person has not been acquired. A valid decree, therefore, cannot be entered.

The complaint contains an averment that defendant, Eugene Andrew Doychak, "is an adult individual whose last known address is 67 Eyland Avenue, Succasunna, New Jersey 07876." An affidavit was filed which recites that mail sent to that address has been "returned by the post office marked 'Moved, Left No Address.' " It is also recited that plaintiff "knows no other address" for defendant and has "exhausted all efforts to determine the defendant's whereabouts." Those efforts, whatever they may have been, are not recited. A copy of the complaint was sent to defendant at his last known address by certified mail, but the same was returned marked, "Moved, Left No Address."

Pa.R.C.P. 1124 is the applicable rule for effecting service of a complaint in divorce. It provides in relevant part as follows:

"(a) The complaint in an action of divorce or for annulment may be served (1) by the sheriff in any county of the Commonwealth by handing a copy to the defendant. The sheriff may deputize the sheriff of any county in which the defendant may be found

to serve him; (2) by constables of the county in which the action is pending, if authorized by a rule of the court in which the action is pending, by handing a copy to the defendant; (3) by the plaintiff, outside the Commonwealth, by (a) having any attorney at law, other than the attorney for the plaintiff, hand a copy to the defendant, or (b) sending the defendant a copy by registered mail. Service by mail is not valid if the return receipt is not signed by him personally.

"(b) If service cannot be made under Subdivision (a)(1) or (a)(2) of this rule and has not been made under Subdivision (a)(3) of this rule, and the sheriff or constable has made a return or affidavit of 'Not Found,' and if the plaintiff has made a good faith investigation to ascertain the present residence and whereabouts of the defendant, the plaintiff, without reinstatement of the complaint, shall have the right of service by (1) sending a copy of the complaint by registered mail to the defendant's last known address; (2) filing an affidavit setting forth the nature and extent of the investigation; and (3) filing an affidavit of the mailing of the complaint."

In Fox v. Fox, 16 January term, 1978, we said: "It is to be observed that service in the manner set forth in subsection (b) is permissible only if three conditions concur. First, there must be an inability to make service under subdivision (a)(1) or (a)(2) of the rule. Secondly, the sheriff or constable must have made a return or affidavit of 'Not Found.' And finally, plaintiff must have made a good faith investigation to ascertain the present residence and whereabouts of the defendant."

In the instant case, the attempted service by certified mail was ineffective because it was not received by defendant. The return receipt was not

signed by defendant personally, and service according to subsection (a), therefore, was not validly effected. Plaintiff then attempted to effect service pursuant to subsection (b).

The procedure established by Pa.R.C.P. 1124(b) does not become available unless and until a return or affidavit of "Not Found" has been made. See: Fox v. Fox, supra; Sanchez v. Sanchez, 64 Lanc. 11 (1973); 3 Goodrich-Amram 2d §1124(b):1. Without such a return, an affidavit setting forth the nature and extent of plaintiff's investigation of defendant's whereabouts is wholly ineffective to acquire jurisdiction of defendant's person.

In this case, moreover, plaintiff's affidavit discloses no investigation of defendant's whereabouts other than repeated mailings to an address where plaintiff knew that defendant no longer resided. If any other investigation was made, the facts thereof have not been recited. Such an affidavit is entirely inadequate to satisfy the requirements of Rule 1124(b) or to confer jurisdiction over defendant's person.

The rule, as is set forth in 3 Goodrich-Amram 2d §1124(b):1, at page 319, "requires the filing of an affidavit showing the nature and extent of the investigation to ascertain the address and whereabouts of the defendant and also requires an affidavit of the mailing of the complaint. These affidavits become part of the record and subject to the scrutiny of the master and the court. If the court concludes that the investigation was inadequate, it could rule that service had not been made in conformity with the Rule and that there was no jurisdiction to enter a decree in favor of the plaintiff."

For both of the foregoing reasons, this court is without jurisdiction to enter a decree in divorce.

The master should have reviewed the record to determine the jurisdictional issue prior to the hearing. If he had done so, further proceedings could have been deferred until service of initial process had been perfected. Rather than dismiss the action, we will return the same to the master. Only after jurisdiction has been perfected, however, may he proceed to a hearing on the merits of this action.

## ORDER

Now, May 3, 1978, for reasons appearing in an accompanying opinion, a decree in divorce is denied and the above captioned action is returned to the master. Only if plaintiff is able to effect service of the complaint or otherwise perfect this court's jurisdiction over defendant's person, may the master proceed according to applicable rules of procedure to hear such issues as may be raised by the pleadings and resubmit a report to the court.